IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VLADIMIR DAVID RYMARENKO,

                 *Petitioner*,

    v.

LEONARD ODDO, *et al*,

                 *Respondents*.

Civil Action No. 3:26-cv-501

Hon. William S. Stickman IV

## ORDER OF COURT

Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus.  (ECF No. 1).  Petitioner, a citizen of Russia, is currently detained at Moshannon Valley Processing Center ("MVPC").  He was taken into immigration custody on September 27, 2025, after being charged with violating 18 Pa. C.S. § 3929(a)(4).  A final order of removal has been issued. Respondents informed the Court that as of February 18, 2026, "the State Department was seeking approval of travel documents to a third country .…"  (ECF No. 8, p. 2).  Nevertheless, Petitioner requests that he be immediately released from custody because he has been in post-removal detention for over six months.

Once an alien becomes subject to an administratively final removal order, the authority for his detention shifts to 8 U.S.C. § 1231(a).  *See Johnson v. Guzman Chavez*, 594 U.S. 523, 528-29 (2021). Section 1231 establishes a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from

detention or confinement.  8 U.S.C. § 1231(a)(1)(B).  The Attorney General is required to detain aliens subject to such removal orders throughout the 90-day removal period.  8 U.S.C. § 1231(a)(2)(A).  Subsequently, an alien ordered removed and determined by the Attorney General to be a "risk to the community or unlikely to comply with the order of removal, may be detained beyond the [90-day] removal period."  8 U.S.C. § 1231(a)(2), (6); 8 C.F.R. § 241.4(a)(1), (4).

Should an alien's period of detention extend beyond what has been deemed presumptively reasonable, i.e., six months, he may then seek relief.  *See e.g., Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that a period of six months of detention following the date the removal order becomes final is presumptively reasonable).  "After [the] 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Id*. at 689.  It is important to note, for purposes of the instant petition, that the Supreme Court of the United States has recognized that when evaluating the reasonableness of post-removal detention, an important consideration is whether it serves "the statute's basic purpose, namely assuring the alien's presence at the moment of removal."  *Id.* at 699.

Here, Petitioner is beyond the six-month reasonable period of post-removal detention. Petitioner's contention that his removal is reasonably unlikely is based solely on his own speculation and inference.  He has come forth with no evidence to satisfy the burden imposed upon him beyond the length of detention itself.  He has not, for example, presented any information that would cast doubt on his removal in the near future.  Rather, Respondents have credibly argued that removal proceedings to a third country are proceeding.

Furthermore, the Court finds that Petitioner's continued detention is reasonable on two additional grounds.  First, it protects against additional criminal activity.  The Court notes that

Petitioner came into immigration detention after he was charged with a crime in Pennsylvania state court. Second, as recognized by the Supreme Court in *Zadvydas*, Petitioner's continued detention will ensure his presence at the moment of removal. (Again, the Court notes that Petitioner previously failed to appear at removal proceedings.). The Court holds that Petitioner's post-removal detention is reasonable and does not violate due process.

AND NOW, this 28th day of April 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED. IT IS FURTHER ORDERED that his motions to appoint counsel (ECF Nos. 2 and 7) are DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE